UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Case No. 16-cr-287 (PAM/TNL)

                    Plaintiff,

v.
                                                      **MEMORANDUM AND ORDER**

Quentin Lamont Lavell Perry,

                    Defendant.
_____

This matter is before the Court on the Report and Recommendation ("R&R") of

United States Magistrate Judge Tony N. Leung dated April 12, 2017. In the R&R,

Magistrate Judge Leung recommends denying Perry's three Motions to Suppress. Perry

filed timely objections to the R&R. According to statute, the Court must conduct a de

novo review of any portion of the R&R to which specific objections are made. 28 U.S.C.

§ 636(b)(1). Based on that de novo review, the Court adopts the R&R.

Perry filed three separate Motions to Suppress. First, Perry moved to suppress the

ammunition seized from his pants' pocket because he argues that the police officers

lacked probable cause to arrest him and the subsequent search incident-to-arrest was

therefore unlawful. (Docket No. 24.) Second, Perry filed a Motion to Suppress the

eyewitness identification because he argues it was impermissibly suggestive and

unreliable. (Docket No. 27.) Third, Perry moved to suppress the evidence obtained from

the search of a car because he argues that the search was conducted without a warrant.

(Docket No. 35.) Magistrate Judge Leung recommended denying these Motions because

the officers had probable cause to arrest Perry and therefore conduct a search incident-to-arrest, the eyewitness identification was not impermissibly suggestive or unreliable, and Perry lacks standing to challenge the search of the car. (R&R (Docket No. 46) at 8-19.) Perry objects to Magistrate Judge Leung's determination of his Motion to Suppress the ammunition and Motion to Suppress the eyewitness identification. Perry does not object to Magistrate Judge Leung's conclusion that he lacks standing to challenge the car's search.

Perry first argues that the officers lacked probable cause to arrest him because Perry's appearance, location, and actions did not indicate that he was the shooter. Witnesses described the shooter as a taller black male with a goatee wearing a white shirt, dark pants, and white shoes with straps instead of laces. Perry is a taller black male, he had a beard, and he was wearing a white and navy shirt, dark pants, and white shoes with straps instead of laces on the night of the incident. Perry was an almost identical match to the witness's description. Moreover, officers first saw Perry merely one block from the scene of the crime, walking in the opposite direction. When Perry and his companion saw the officers, they split up. Based on the totality of these circumstances, the officers had probable cause to arrest Perry and conduct a search incident-to-arrest.

Perry next argues that the show-up identification was impermissibly suggestive because officers presented Perry an hour after the shooting having just been removed from a squad car while wearing handcuffs, surrounded by police officers, and with a spotlight focused on him. But as Magistrate Judge Leung correctly found, this identification is almost identical to the circumstances in United States v. Pickar, 616 F.3d

821, 827 (8th Cir. 2010), and is materially less suggestive than the show-up identification

in Clark v. Caspari, 274 F.3d 507, 509 (8th Cir. 2001). Perry's objection also repeats his

arguments that the witness identification was unreliable because the witness fled

immediately after the shots were fired, was intoxicated, and was allowed to discuss the

identification with another witness. But the witness was close enough to the shooter to

look him in the eyes and was certain at the time of the show-up that Perry was the

shooter. She remained confident even while the other witness's certainty waivered.

Based on these circumstances, the show-up identification was reliable and is therefore

admissible.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Perry's Objections (Docket No. 47) are **OVERRULED**;

2. The R&R (Docket No. 46) is **ADOPTED**; and

3. Perry's Motions to Suppress (Docket Nos. 24, 27, 35) are **DENIED**.

Dated: May 11, 2017

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge