UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,          Case No. 16-cr-287 (PAM/TNL)

    Plaintiff,

v.

**MEMORANDUM AND ORDER**

Quentin Lamont Lavell Perry,

    Defendant.

_____

This matter is before the Court on the Government's Motion in Limine. For the following reasons, the Motion is granted in part and denied in part.

**A.**     **2005 Goodhue County Conviction**

In 2005, a Goodhue County jury convicted Defendant Quentin Lamont Lavell Perry of aggravated robbery, assault in the second degree involving a dangerous weapon, and terroristic threats. The Government wishes to offer as evidence a certified copy of that jury's special verdict form in its case-in-chief, which finds that Perry knowingly and recklessly discharged a firearm.

Evidence of a past criminal conviction is generally "not admissible to prove a person's character in order to show that on a particular occasion that person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But evidence of a past criminal conviction "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). A past criminal conviction is properly admitted under Rule

404(b) if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." United States v. Williams, 796 F.3d 951, 959 (8th Cir. 2015) (citation and quotations marks omitted).

Perry's Goodhue County convictions are relevant to a material issue, specifically his knowledge and intent. See United States v. Williams, 796 F.3d 951, 959 (8th Cir. 2015) (concluding in a felon-in-possession case that, as a general rule, evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent). The convictions are similar in kind to the present charge because the Goodhue County jury found that Perry recklessly discharged a firearm and the Government alleges that Perry did the same thing here. And although these convictions were from 2005, the Eighth Circuit has held that it is reasonable for a court to admit prior convictions that occurred as far back as seventeen years before the instant charge. See United States v. Green, 151 F.3d 1111, 1114 (8th Cir. 1998) (collecting cases). The jury's special verdict form also provides sufficient evidence of the convictions.

But the potential prejudice to Perry if the Government introduces these convictions substantially outweighs the convictions' probative value. The probative value is minimal because there is ample evidence to show Perry knowingly possessed the firearm and ammunition besides these convictions. First, the ammunition was found in Perry's pocket. Second, the Government found Perry's DNA on the firearm. Third, an eyewitness positively identified Perry as the shooter. In contrast, admitting evidence that Perry previously recklessly discharged a firearm would severely prejudice a jury because

it would cause them to believe that Perry committed the instant offense because he was previously convicted of a very similar offense. This Motion is therefore denied.

**B.      Impeachment**

In addition to his Goodhue County convictions, Perry also has a 2008 conviction for terroristic threats in Dakota County and a 2010 conviction for felony domestic assault and terroristic threats in Ramsey County. If Perry testifies at trial, the Government will seek to impeach Perry with all of his previous criminal convictions.

In a criminal case in which the witness is a defendant, a defendant's prior criminal conviction that resulted in more than one year of imprisonment must be admitted to attack the defendant's character for truthfulness "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B).

If Perry decides to testify at trial, he puts his character for truthfulness squarely at issue and his previous criminal convictions are highly relevant to show his propensity to tell the truth and abide by the law. The probative value of those convictions therefore outweighs their prejudicial effect and the Government may impeach Perry with his previous criminal convictions if he decides to testify. This Motion is granted.

**C.      K.N.**

The Government intends to call K.N. as a witness and expects K.N. to testify that K.N. did not possess the firearm at issue and the only person who could have left the firearm in K.N.'s vehicle was Perry. K.N. was convicted of bank fraud in 2001 and released from prison in 2005. The Government requests that that Court preclude Perry from impeaching K.N. with the bank-fraud conviction.

If more than ten years have passed since a witness's conviction or release from confinement, evidence of that criminal conviction may be used to attack the witness's credibility only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). More than ten years have passed since K.N. was released from prison for his bank-fraud conviction and Perry has failed to show, with specific facts and circumstances, how the probative value of K.N.'s previous bank-fraud conviction substantially outweighs its prejudicial effect. If, however, Perry can satisfy the Court, with specific facts and circumstances, that K.N.'s bank-fraud conviction's probative value substantially outweighs its prejudicial effect, Perry may impeach K.N. with his conviction. This Motion is therefore denied without prejudice to specific objection at trial.

**D.      Hearsay**

The Government also seeks to preclude Perry from offering hearsay evidence at trial. Specifically, the Government argues that although it may offer evidence of Perry's previous out-of-court statements under Federal Rule of Evidence 801(d)(2)(A), Perry himself may not offer evidence of his own out-of-court statements. The Government is correct. Perry may not offer his own hearsay statements as evidence. Any decision on the admissibility of specific hearsay evidence, however, must wait until the evidence is presented at trial. This Motion is denied without prejudice to specific objections at trial.

**E.      Jury Nullification and Potential Punishment**

Finally, the Government requests that Perry be precluded from making any references during trial to jury nullification or his potential punishment if convicted. This

Motion is granted.  Perry may not make any references at trial to jury nullification or his potential punishment if convicted.

Accordingly, **IT IS HEREBY ORDERED** that the Government's Motion in Limine (Docket No. 60) is **GRANTED in part** and **DENIED in part**.

Dated: July 6, 2017                         *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge