UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  Crim. No. 16-287 (PAM/TNL)

Plaintiff,

v.  **MEMORANDUM AND ORDER**

Quentin Lamont Lavell Perry,

Defendant.
_____

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

**BACKGROUND**

In July 2017, a jury convicted Defendant Quentin Lamont Lavell Perry for possession of a gun and ammunition as a felon. (Docket No. 81.) The evidence at trial established that Perry shot a gun outside the Alamo Bar in St. Paul, Minnesota. The Court sentenced Perry to 180 months' imprisonment, a 55-month downward variance from the otherwise appliable sentencing guidelines range. (Docket No. 90.)

Perry appealed, asserting that: (1) the Court erred in denying his motion to suppress evidence seized during his arrest and that he was arrested without probable cause; (2) his due-process rights were violated at trial, and (3) the Court erred in finding him an armed career criminal. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Perry, 908 F.3d 1126 (8th Cir. 2018). Perry sought certiorari from the United States Supreme Court, but his petition was denied on October 9, 2019. (Docket No. 120.)

Perry filed the instant Motion to Vacate on June 23, 2020. The Court granted Perry's request to file a supplemental Motion, and extended the briefing schedule due to the COVID-19 pandemic. Perry's Motion states nine grounds for relief, alleging that: (1) the Court abused its discretion by allowing Perry to represent himself without first ordering a psychological evaluation; (2) the Government failed to prove all the elements of his crimes; (3) the Court erred in failing to provide a "missing witness" instruction to the jury; (4) the Government improperly disclosed 9-1-1 calls; (5) the Government selectively prosecuted him; (6) the Court erred in allowing a video to be shown to the jury; (7) Perry's pretrial and appellate counsel were ineffective for failing to challenge the search during which the firearm was found; (8) the jury should have decided whether he qualified as an armed career criminal under 18 U.S.C. § 924(e); and (9) the Court erred in instructing the jury that Perry did not have to know about or participate in moving the firearm and ammunition across state lines.

As an initial matter, Perry raised only one of the above grounds for relief on direct appeal—his challenge regarding the Armed Career Criminal Act. Therefore, Perry's eight remaining grounds for relief are procedurally defaulted and fail at the outset. Even if Perry had preserved all his claims on appeal, however, they fail on the merits.

**DISCUSSION**

> A prisoner in custody under [federal] sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, not all claims of error in a conviction or sentence are cognizable in a § 2255 proceeding. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). The petitioner bears the burden to establish that his conviction or sentence violated either the Constitution or federal law. United States v. Hill, 215 F. Supp. 3d 823, 826 (D. Minn. 2016) (Kyle, J.).

Although § 2255 requires a Court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), a "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Perry's claims are contradicted by the record, and he is not entitled to relief on any of them. The Court therefore declines to hold an evidentiary hearing.

A.   **Psychological Evaluation**

Perry first asserts that the Court abused its discretion by not ordering a psychological evaluation before allowing him to waive his right to counsel at trial. (Pet. (Docket No. 121) at 4-5.) Even if Perry had exhausted this claim on direct appeal, it fails on the merits.

When a defendant seeks to waive his right to counsel, a district court has discretion to order a competency hearing, and need only do so if the court doubts the defendant's competence. United States v. Crawford, 487 F.3d 1101, 1105 (8th Cir. 2007). Previous mental-health diagnoses do not render a person incompetent. See Feguer v. United States, 302 F.2d 214, 236 (8th Cir. 1962). Thus, the fact that Perry had previous mental-health diagnoses did not require the Court to find him incompetent or order a psychological evaluation. (See PSR (Docket No. 84) ¶¶ 65, 66.) Perry provides no support for his claim of mental incompetence.

Moreover, Perry fails to demonstrate that a psychological evaluation would have found him incompetent to waive his right to counsel. Likewise, he does not show that he was prejudiced by his attorney's decision not to request a psychological evaluation.

The Court did not abuse its discretion in failing to order a psychological evaluation. Indeed, the Court found that Perry was more than competent to represent himself. At the close of trial, the Court informed Perry that he had performed better than any pro se litigant whom the Court had observed. (Trial Tr. (Docket Nos. 97-100) at 544.) Perry is not entitled to relief on this ground.

**B.      Insufficient Evidence**

Perry contends that there was insufficient evidence to support his conviction as a felon in possession of a firearm or ammunition under 18 U.S.C. § 922(g)(1). (Pet. at 5-6.) Perry failed to raise this issue on direct appeal; regardless, a claim of insufficient evidence is "not a ground for relief under § 2255." United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir. 1985) (quotation omitted).

4

Moreover, ample evidence at trial supported Perry's conviction. Viewed in the light most favorable to the verdict, a reasonable jury could have returned a guilty verdict. United States v. Ramirez, 362 F.3d 521, 524 (8th Cir. 2004) (citation omitted). This ground fails.

## C.   Missing-Witness Instruction

Perry contests that the Court erred by failing to instruct the jury that a witness, J.H., who was unable to positively identify Perry as the shooter, did not testify at trial. (Pet. at 7.) Perry failed to raise this issue on direct appeal.

Before trial, the Government agreed not to seek an in-court identification of Perry by J.H. (Docket No. 43 at 1.) However, a portion of a 9-1-1 call on which J.H.'s voice can be heard was played for the jury. J.H.'s statements were admissible because they fell under the present-sense-impression and excited-utterance exceptions to the rule against hearsay. See Fed. R. Evid. 803(1) and (2).

A missing witness instruction is appropriate when "the government's failure to call a witness 'peculiarly within its power to produce' may give rise to the inference that the witness would have given testimony unfavorable to the government." United States v. Luvene, 245 F.3d 651, 655 (8th Cir. 2001) (quoting United States v. Johnson, 562 F.2d 515, 517 (8th Cir. 1977)). Such an instruction "need not be given unless the defendant shows that the government possesses the sole power to produce the witness." Id.

Here, Perry has not established that J.H. was solely within the Government's power to produce. Indeed, Perry could have called J.H. as a witness, but he did not. (Pet. at 5-11.) Likewise, the Government did not call J.H. as a witness, a fact Perry highlighted to

5

the jury, accomplishing the aim of the missing-witness instruction he presses. (Trial Tr. at 494-95.). This argument is unavailing.

D.     **Improper Disclosure of 9-1-1 Calls**

Perry argues that the Government "mischievously" placed 9-1-1 phone calls into evidence without his knowledge. (Pet. at 8-9; Def.'s Mem. in Supp. (Docket No. 132) at 4.) This argument is procedurally defaulted because Perry did not object to the disclosure of 9-1-1 calls related to the shooting at trial or raise it on appeal.

In any event, the trial transcript contradicts Perry's improper-disclosure argument. During trial, Perry remarked, "I am going to ask for the 911 calls to be introduced. All of the 911 calls in regards to the shooting." (Trial Tr. at 355.) Per his request, the Government prepared a disc containing all the 9-1-1 calls (id. at 455), and Perry played a portion of the calls for the jury. (Id. at 423-27.) Later, outside the presence of the jury, Perry listened to the remaining calls on the disc and determined that he "didn't find the need to use the other two [calls]." (Id. at 455-57.) Thus, Perry was not unaware that disc contained multiple calls, he simply elected not to play all of the calls for the jury. This ground fails.

E.     **Selective Prosecution**

Perry raises a selective-prosecution claim, contending that the Government "was unjustifiably motivated" to find him guilty and that "ultimately there was a rush for judgment." (Pet. at 10.) Perry did not raise this issue on appeal. In any event, it fails on the merits.

"A selective prosecution claim requires a defendant to show that: (1) people similarly situated to him were not prosecuted; and (2) the decision to prosecute was

motivated by a discriminatory purpose." United States v. Peterson, 652 F.3d 979, 981 (8th Cir. 2011) (quotation omitted). A selective-prosecution claim carries a heavy evidentiary burden. United States v. Leathers, 354 F.3d 955, 961 (8th Cir. 2004)

As to the similarly situated prong, Perry insists that he was selectively prosecuted because the firearm was found in his uncle's car, yet his uncle was not prosecuted. However, Perry puts forth no evidence to support his argument that the Government too hastily determined Perry's involvement in the crime. Perry also overlooks that significant evidence linked him to the crime, despite that the gun and ammunition were found in his uncle's car. As to the second prong, Perry fails to demonstrate any discriminatory purpose motivating the prosecution. This argument fails.

**F.     Squad-Car Video**

Perry alleges that the Court erred in allowing the Government to remove the audio from the video of Perry's arrest, which was shown at trial. (Pet. at 12.) Before trial, Perry moved to suppress the video of his arrest, raising a Miranda violation. (Docket No. 70.) The Government agreed to remove the audio from the video, so the Court found the issue to be moot. (Docket No. 72.)

Although Perry now claims that he sought to have the video either played with the sound or not played at all, he did not raise that argument at trial or on direct appeal. Additionally, Perry alleges no impropriety in showing the video, other than the statements heard in the audio. His argument is unpersuasive because the jury never heard these statements, as the audio was removed. This ground fails.

7

## G. Ineffective Assistance

Perry argues that his pretrial counsel was ineffective for failing to challenge the Magistrate Judge's denial of the motion to suppress the search of his uncle's vehicle in which the gun was found. (Pet. at 13-15; see Docket Nos. 35, 42, 46 at 18.) Perry could have raised this issue before the Court because he represented himself at trial. He did not. Further, Perry claims that his appellate counsel was ineffective for not challenging the search on appeal. Regardless, this ground fails on the merits.

To prevail on a claim that counsel rendered ineffective assistance, Perry must establish both that his attorney's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 689 (1984). The Court presumes that an attorney provided effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997). Indeed, the Court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

To demonstrate prejudice, Perry must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If Perry cannot establish prejudice, the Court need not address the reasonableness of the representation, because the failure to establish prejudice is dispositive of a § 2255 claim of ineffective assistance. Apfel, 97 F.3d at 1076. Perry fails to show that his counsel's performance was deficient or that he was prejudiced by it.

"In order to show a legitimate expectation of privacy in the searched premises, the person challenging the search has the burden of showing both a subjective expectation of

privacy and that the expectation is objectively reasonable; that is, one that society is willing to accept." United States v. McCaster, 193 F.3d 930, 933 (8th Cir. 1999). The Eighth Circuit recognizes several factors that are relevant to this showing: "whether the party has a possessory interest in the things seized or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party had a key to the premises." Id. "In determining whether an individual has standing to challenge a vehicle search, 'ownership' and 'permission' play an important role." United States v. Mosley, 878 F.3d 246, 255 (8th Cir. 2017) (quoting United States v. Gomez, 16 F.3d 254, 256 (8th Cir. 1994)).

Perry has failed to meet his burden of establishing his privacy interest in the vehicle. Indeed, he may not vicariously assert a Fourth Amendment right against searching his uncle's car. See McCaster, 193 F.3d at 933. Without a reasonable expectation of privacy in his uncle's car, Perry was not entitled to suppression of the evidence found inside it. Even if Perry had standing to challenge the search, this ground fails because Perry submits no evidence to demonstrate that the search warrant lacked probable cause or that the warrant was not executed in good faith. Thus, neither Perry's pretrial counsel nor his appellate counsel were ineffective for failing to further challenge the search.

**H.      Armed Career Criminal**

Perry argues that the jury should have decided whether he qualified as an armed career criminal. (Pet. at 16.) Although he raised this issue on direct appeal, a § 2255 Motion "may not be used to relitigate matters decided on direct appeal." Sun Bear, 644 F.3d at 702. Therefore, this ground is not properly before the Court.

9

Regardless, Perry cannot prevail on this issue because prior convictions need not be proved to a jury. United States v. Campbell, 270 F.3d 702, 708 (8th Cir. 2001). Further, Perry admitted to the facts on which his armed-career-criminal status was based, because he did not object to the presentence report. See United States v. Paz, 411 F.3d 906, 909 (8th Cir. 2005) (facts presented in a PSR are deemed admitted unless the defendant objects to them). This argument fails.

**I.      Interstate Commerce**

Lastly, Perry argues that the Court erred in instructing the jury that he did not know about or participate in moving the firearm and ammunition through interstate commerce. (Pet. at 16.) But "defects" in jury instructions are not properly raised in a § 2255 Motion. United States v. Kelton, 518 F.2d 531, 533 (8th Cir. 1975).

Even if this claim were cognizable in a § 2255 Motion, it is without merit because Perry misstates the law. The Government need not prove that Perry knew the gun and ammunition moved through interstate commerce. United States v. Garcia-Hernandez, 803 F.3d 994, 997 (8th Cir. 2015). There is no mens-rea requirement for the interstate-commerce element of the crime of being a felon in possession of a firearm or ammunition. See 18 U.S.C. § 922(g)(1); Garcia-Hernandez, 803 F.3d at 997. Therefore, the Court did not err in instructing the jury that Perry's knowledge of evidence moving through interstate commerce was irrelevant to the elements of the crime. (Jury Instructions (Docket No. 78) at 11-12, 13-14.) This ground fails.

J.  **Certificate of Appealability**

Perry may not appeal this Court's ruling on his Motion to Vacate without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Such a certificate requires Perry to make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). See also Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Perry must establish that the issues he raises are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Perry has not met this high standard, and no certificate of appealability will issue.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's § 2255 Motion to Vacate (Docket No. 121) is **DENIED**; and
2. Defendant's Motion to expand the record and request a hearing (Docket No. 131) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  Thursday, June 24, 2021

                                          *s/ Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge