UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim No. 16-287 (PAM/TNL)

          Plaintiff,

v.                                                                    **MEMORANDUM AND ORDER**

Quentin Lamont Lavell Perry,

          Defendant.

_____

This matter is before the Court on Defendant Quentin Lamont Lavell Perry's pro se Motion for compassionate release under the First Step Act.[1] (Docket No. 165.) For the following reasons, Perry's Motion is denied.

## BACKGROUND

In July 2017, a jury found Perry guilty of being a felon in possession of a firearm and ammunition, and in October 2017, the Court sentenced him to 180 months' imprisonment, below the bottom of the applicable Sentencing Guidelines imprisonment range of 235 to 293 months. (Docket Nos. 81, 90, 91.)

## DISCUSSION

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Such reasons include a terminal illness,

---

[1] Perry indicates that he did not intend to file a motion under Amendment 821 to the United States Sentencing Guidelines. (Docket No. 171 at 1–2.) He acknowledges that he is not eligible for relief under Amendment 821, as the Court determined that he had 16 criminal history points at sentencing, none of which are status points.

"a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).

Before a defendant may seek compassionate release from a district court, the First Step Act requires the defendant to have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). Perry asserts that he submitted such a request to the warden of his facility in February 2024 and received no response. (Docket No. 187 at 1–3.) But Perry provides no evidence that he exhausted his administrative remedies in the facility in which he is detained. See United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021). Thus, this Court is without jurisdiction to entertain the Motion. However, even if the Motion were properly before the Court, it would fail because he offers no "extraordinary and compelling reasons" why he should be released. Id. § 3582(c)(1)(A)(i).

Perry first argues that his sentence is "unusually long" under § 1B1.13. This issue is currently pending before the United States Supreme Court in Carter v. United States, S. Ct. No. 24-860, and Rutherford v. United States, S. Ct. No. 24-280. The Court, therefore, reserves its ruling on this claim.

Perry also asks the Court to consider his medical conditions, including chronic kidney disease, dermatitis, and gastrointestinal reflux. The Court reviewed Perry's recently submitted medical records. (See Docket Nos. 192, 194-1.) Perry has not shown that his medical conditions "substantially diminish[] [his] ability . . . to provide self-care within the

2

environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A). Thus, the Court determines that Perry's medical conditions are not sufficient to warrant a reduction in his sentence.

The Court also considers whether the general sentencing factors in § 3553(a) warrant a reduction in sentence, and those factors strongly weigh against an early release for Perry. Further, Perry has a long history of violence, and the Court determines that Perry fails to establish that he "is not a danger to the safety of any other person or to the community." § 1B1.13(a)(2).

Finally, although the Court lauds Perry's rehabilitative efforts, they do not warrant his early release. See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. Perry's pro se Motion for compassionate release (Docket No. 165) is **DENIED**; and

2. Perry's pro se Motions to show cause and to amend (Docket Nos. 166, 167, 170, 171) are **DENIED**.

Dated: August 28, 2025

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

3